**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | |
|---|---|
| **MANUEL IGNACIO RUIZ,** § | |
| Petitioner, § | |
| § | |
| § | **Cause No. EP-23-CV-393-KC** |
| § | |
| **SANDRA HIJAR, Warden,** § | |
| Respondent. § | |

## MEMORANDUM OPINION AND ORDER

Manuel Ignacio Ruiz is a prisoner at the La Tuna Federal Correctional Facility in Anthony, Texas. *See* Federal Bureau of Prisons (BOP), Find an Inmate, www.bop.gov/inmateloc (search for Reg. 79202-112, last visited Nov. 16, 2023). He claims he is entitled to 12 months' placement in a halfway house pursuant to 18 U.S.C. § 3624(c)(1), and the shorter of ten percent of his term of imprisonment or six months' confinement at home pursuant to 18 U.S.C. § 3624(c)(2). Pet'r's Pet., ECF No. 1 at 2. He petitions the Court under 28 U.S.C. § 2241 to intervene in his behalf and order the BOP—which he alleges has delayed his transfer from prison to a community facility—to place him in a residential reentry center followed by home confinement for the maximum amount of time permitted by statute. *Id*. at 3. His petition is denied because he is not entitled to § 2241 relief.

When a court receives a § 2241 petition, it accepts a petitioner's factual allegations as true during the initial screening. 28 U.S.C. § 2243; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). It also evaluates a petition presented by a *pro se* petitioner under more a lenient standard than it applies to a petition submitted by counsel. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Still, it must find "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 556. And upon completing the initial screening, it must "award the writ or issue an order directing the respondent to show cause why the writ should not be

granted, unless it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

Ruiz may challenge the delay by the BOP in his placement in a halfway house or other less restrictive place of confinement under § 2241 because it impacts the execution of his sentence. *Cervante v. United States*, 402 F. App'x 886, 887 (5th Cir. 2010) (per curiam) (citing *Rublee v. Fleming*, 160 F.3d 213, 214–17 (5th Cir. 1998); *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992)). But he is entitled to § 2241 relief only to remedy a restraint on his liberty which violates the constitution, treaties, or laws of the United States. *United States v. Hayman*, 342 U.S. 205, 211–12 & n.11 (1952); *see also Brecht v. Abrahamson*, 507 U.S. 619, 633–34 (1993) (explaining that "the writ of habeas corpus has historically been regarded as an extraordinary remedy, a bulwark against convictions that violate fundamental fairness") (quotation omitted).

The Supreme Court has consistently held a prisoner has no constitutional right to confinement in any particular place. *See McKune v. Lile*, 536 U.S. 24, 39 (2002) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."); *Sandin v. Conner,* 515 U.S. 472, 478 (1995) ("the Due Process Clause did not itself create a liberty interest in prisoners to be free from intrastate prison transfers."); *Meachum v. Fano*, 427 U.S. 215, 224 (1976) ("The conviction has sufficiently extinguished the defendant's liberty interest to empower the State to confine him in any of its prisons.").

Section 3624(c) grants the BOP Director the *discretion* to place a prisoner in a residential reentry center for up to twelve months. 18 U.S.C. § 3624(c)(1); *United States v. Wessels*, 539 F.3d 913, 915 (8th Cir. 2008) (Bright, J., concurring). It further gives the Director the *discretion* "to

place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624(c)(2). It also directs the BOP to issue new regulations to ensure that placements in community facilities are "(A) conducted in a manner consistent with section 3621(b) of this title; (B) determined on an individual basis; and (C) of sufficient duration to provide the greatest likelihood of successful reintegration into the community." *Id*. § 3624(c)(6).

A petitioner complaining about a discretionary assignment by the BOP is not entitled to judicial relief for an alleged "violation of his Fifth Amendment right to due process because 'the failure to receive relief that is purely discretionary in nature does not amount to a deprivation of a liberty interest.' " *Assaad v. Ashcroft*, 378 F.3d 471, 475 (5th Cir. 2004) (quoting *Mejia Rodriguez v. Reno*, 178 F.3d 1139, 1146 (11th Cir. 1999) (citing *Conn. Bd. of Pardons v. Dumschat*, 452 U.S. 458, 465 (1981))); *cf. Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997) ("[A] statute which 'provides no more than a mere hope that the benefit will be obtained . . . is not protected by due process.' ") (alteration in original) (quoting *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 11 (1979)).

After reviewing Ruiz's petition and the applicable statutes, the Court finds the BOP has the exclusive authority and discretion to determine if and when to assign Ruiz to a residential reentry center or home confinement. The Court further finds Ruiz has failed to identify in his petition any restraint on his liberty which violates the constitution, treaties, or laws of the United States.

The Court accordingly concludes it appears from the face of Ruiz's petition that he is not entitled to § 2241 relief. It consequently enters the following orders:

**IT IS ORDERED** that Ruiz's petition for writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1) is **DENIED** and his cause is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED** as moot.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

**SO ORDERED**.

**SIGNED this 17th day of November, 2023.**

_____
**KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE**